# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SOFOWORA, ) | 1:05-cv-00043-OWW-TAG-HC |
| ) | |
| Petitioner, ) | ORDER TO SHOW CAUSE WHY THE |
| ) | PETITION SHOULD NOT BE GRANTED |
| v. ) | (Doc. 1) |
| ) | |
| JOHN ASHCROFT, et al., ) | ORDER DIRECTING THE CLERK TO |
| ) | SERVE DOCUMENTS ON RESPONDENT |
| Respondents. ) | |

Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("BICE") and is proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

The Petition alleges that Petitioner's detention pursuant to 8 U.S.C. § 1231(a)(2) is indefinite and violates his substantive and procedural due process rights under the Fifth Amendment. (Doc. 1, p. 4). The Petition also asserts that Petitioner's detention is unreasonable and violates Respondents' statutory authority because the country to which Petitioner was ordered removed/deported/excluded does not have a repatriation agreement with the United States and has not allowed repatriation from the United States for many years, and there is no reason to believe that repatriation will be permitted in this instance.[1] (Doc. 1, p. 4).

---

[1] Paragraph 7 of the Petition alleges Petitioner was born in Nigeria and ordered removed/deported/excluded to the "United States." (Doc. 1, p. 3). Paragraph 8 alleges the country to which Petitioner was ordered removed/deported/excluded, i.e., the United States, "has not allowed repatriation from the United States for many years." It appears Petitioner erroneously named the United States in paragraph 7, rather than Nigeria. The Court construes paragraph 7 to mean "Nigeria" as the country to which Petitioner was ordered removed/deported/excluded, at this stage of the proceedings, unless advised otherwise in writing by the parties.

Petitioner may be entitled to relief if the claimed violations are proved. Accordingly, Respondent IS ORDERED TO SHOW CAUSE why the Petition should not be granted.  Rule 4, Rules Governing Section 2254 Cases; see Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(2).  Respondent SHALL INCLUDE a copy of Petitioner's alien file and any and all other documentation relevant to the determination of the issues raised in the Petition. Rule 5 of the Rules Governing Section 2254 Cases.  In the event Petitioner is released from BICE custody during the pendency of the Petition, the parties shall notify the Court by filing a motion to dismiss the Petition or other proper pleading.  Should the parties fail to notify the Court that Petitioner has been released, the parties may be subject to sanctions pursuant to the Court's inherent power to issue sanctions in appropriate cases.  See Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED:

1. Respondent is ORDERED TO SHOW CAUSE why the Petition for Writ of Habeas Corpus should not be granted.  The Return to the Order to Show Cause is due within FORTY-FIVE (45) days of the date of service of this order.  Petitioner may file a Traverse to the Return within TEN (10) days of the date the Return to the Order to Show Cause is filed with the Court.

2. The Clerk of the Court is DIRECTED to SERVE a copy of the Petition for Writ of Habeas Corpus on the United States Attorney.  (Court Doc. 1).

The Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h).  As such, the matter will be taken under submission following the filing of Petitioner's Traverse or the expiration of the time for filing the Traverse.  All other briefing in this action is suspended.

IT IS SO ORDERED.

**Dated:   May 3, 2005**                     /s/ Theresa A. Goldner
j6eb3d                                       UNITED STATES MAGISTRATE JUDGE