UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD SOFOWORA, | ) | 1:05-cv-00043-OWW-TAG-HC |
|        Petitioner, | ) | |
| v. | ) | REPORT AND RECOMMENDATION TO GRANT EMERGENCY MOTION FOR STAY OF FINAL ORDER OF DEPORTATION (Doc 10) |
| JOHN ASHCROFT, et al., | ) | |
| | ) | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (Doc. 10) |
|        Respondents. | ) | |

Petitioner, currently in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") and proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

**A. Petition for Writ of Habeas Corpus**

Petitioner filed a petition for writ of habeas corpus on January 10, 2005, in which he asserts that he is a citizen of Nigeria, and an "alien" subject to a final order of deportation, exclusion, or removal, who, pursuant to 28 U.S.C. § 2241, is being mandatorily detained by ICE in the Kern County Jail during his "detention" period. (Doc. 1, pp. 2-3). Petitioner asserts that he is not awaiting trial or serving a sentence on any state or federal criminal case. (Doc. 1, p. 4). Petitioner challenges his mandatory detention as violative of his Fifth Amendment substantive

and procedural due process rights.  (Doc. 1, p. 4).  Petitioner seeks immediate release from custody under reasonable conditions of supervision.  (Doc. 1, p. 5).

On May 3, 2005, the Court issued an Order to Show Cause why the petition should not be granted.  (Doc. 9).  In that order, the ICE has been ordered to file a response within forty-five days.  (Id.).

### B. Motion for Injunctive Relief

On May 13, 2005, Petitioner filed an "Emergency Motion for Stay of The Final Order of Deportation Pending Judicial Review of Petition For Writ of Habeas Corpus" ("motion for stay"), accompanied by a motion for appointment of counsel.  (Doc. 10).   A motion for stay pending a district court's review of the petition for writ of habeas corpus on the merits is reviewed under the same standards employed in evaluating motions for preliminary injunctive relief.  Andreiu v. Ashcroft, 253 F.2d 477 (9th Cir. 2001); see also Zegarra-Gomez v. INS, 314 F.3d 1124, 1125 (9th Cir. 2003).  The petitioner must show "either a probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised and the balance of hardships tips sharply in petitioner's favor.  Andreiu v. Ashcroft, 253 F.3d at 480 (quoting Abbassi v. INS, 143 F.3d 513, (9th Cir. 1998).)

In Petitioner's emergency motion for a stay, Petitioner contends that the Board of Immigration Appeals and the Immigration Judge impermissibly deprived him of his due process rights by failing to inform him of various legal options, e.g., adjustment of status and a waiver of removal by the Attorney General, purportedly available to him at the time the original deportation order was issued.  (Doc. 10, p. 2).  Petitioner's allegations raise a probability of success on the merits and the fact of his deportation prior to a ruling on the instant petition for writ of habeas corpus demonstrates irreparable harm.  Accordingly, on balance Petitioner has met his burden of demonstrating a probability of success on the merits and the possibility of irreparable injury; therefore, the Court RECOMMENDS that the stay be GRANTED.[1]

---

[1] In this motion, Petitioner also requests that the Court release him on bond or on his own recognizance. (Doc. 10, p. 2).  The Court reserves its ruling on this request, until Respondent has had the opportunity to address the issue when it files its response.

**C. Motion for Appointment of Counsel**

There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984). However, Title 18 U.S.C. § 3006A, authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. In the present case, the Court does not find that the interests of justice would be served by the appointment of counsel at this time. Therefore, the motion for appointment of counsel is DENIED.

**ORDER**

It is HEREBY ORDERED that:

Petitioner's Emergency Motion for Appointment of Counsel (Doc. 10), is DENIED.

**RECOMMENDATION**

It is hereby RECOMMENDED that:

Petitioner's Emergency Motion For Stay of Final Order of Deportation (Doc. 10), be GRANTED.

This Report and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that

///

///

failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 18, 2005**                              /s/ Theresa A. Goldner
j6eb3d                                                  UNITED STATES MAGISTRATE JUDGE