# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD SOFOWORA, | ) | 1:05-cv-00043-OWW-TAG-HC |
|         Petitioner, | ) | |
| v. | ) | ORDER RE "RESPONDENTS' NOTICE OF APPLICABILITY OF PUBLIC LAW 109-13 [THE REAL ID ACT OF 2005]" (Doc. 12) |
| JOHN ASHCROFT, et al., | ) | |
|         Respondents. | ) | |

    Petitioner, currently in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") and proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

    On May 24, 2005, Respondents filed with the Court a document entitled "Respondents' Notice of Applicability of Public Law 109-13 [The Real ID Act of 2005]" ("the Notice"), pointing out that the Real ID Act of 2005, enacted on May 11, 2005, divests the United States District Court of jurisdiction to hear claims involving a challenge to a final administrative order of removal, deportation, or exclusion. (Doc. 12).

    The Court is aware of the passage of the Real ID Act of 2005 and its provisions which limit the jurisdiction of the District Court in cases involving challenges to a final order of removal, deportation, or exclusion.  The Real ID Act of 2005 does not purport to divest the District Court of jurisdiction in habeas cases that do not challenge the final order of removal.  In this case, the habeas petition does not appear to challenge the final order of removal to which Petitioner is currently subject.  Rather, it alleges that Petitioner's indefinite detention pursuant to 8 U.S.C. §1226(c) is in violation of both 8 U.S.C. § 1231(a)(6) and the Due Process Clause of the Fifth Amendment. (Doc. 1, p. 4).  Nor does the instant petition request relief from a final order of removal; it merely seeks Petitioner's release, under reasonable conditions of supervision, pending the execution of a final order of removal.  (Doc. 1, p. 5).

    If, however, as the Notice would suggest, Respondents believe that the provisions of the Real ID Act of 2005 are applicable to this habeas corpus proceeding, Respondents may file a motion, supported by legal arguments,  requesting such judicial action or relief as Respondents believe is appropriate, given the specific allegations contained in the petition.

IT IS SO ORDERED.

**Dated:     June 10, 2005**             /s/ Theresa A. Goldner
j6eb3d                            UNITED STATES MAGISTRATE JUDGE